## THE FARMERS' LIGHTNING PROTECTED MUTUAL INS ASSN v KLEESE et

Ohio Appeals, 7th Dist, Mahoning Co

No 2434.   Decided April 15, 1938

Henderson, Wilson, Wyatt & Ranz, Youngstown, for plaintiff-appellant.

James Modarelli, John Selzer, Youngstown, for defendants-appellees.

**OPINION**

By CARTER, J.

Appellant filed his petition in the Court

of Common Pleas under the provisions of §11580 GC, and sought a new trial on the grounds of newly discovered evidence. A hearing was had thereon and the lower court refused a new trial. From the refusal of the Court of Common Pleas to grant a new trial, appeal is prosecuted to this court on questions of law.

The operative facts are substantially as follows: Appellant is a mutual insurance association with its principal place of business at Fremont,, Ohio, and on or about the 18th day of October, 1930, it issued a policy of fire insurance to John T. Kleese and Martha Kleese, Martha Kleese being now deceased, upon their residence situated on the Canfield Road, Mahoning County, in the sum of $3,000. On the 21st day of September, 1932, the Kleese home was destroyed by fire, and the appellant denied liability on the ground of non-payment of an assessment by the Kleeses. On the 1st day of May, 1933, the Kleeses brought an action against the appellant to collect the face amount of the policy and testimony was introduced in the former trial to the effect that the notice of the assessment had been received and that the same was paid by check, and, in order to substantiate their claim that their policy was in full force and effect at the time the building was destroyed by fire, introduced, as evidence in the case, the following letter:

"September 28, 1932.

The Dollar Savings & Trust Company,
  Gentlemen:

  Since Mr. Kleese's insurance is concurrent with the Lightning Rod Mutual Protective Association of Seville, we will permit the Seville Company to complete the adjustment.

      Respectfully yours,
        The Farmers' Lightning Protected
        Mutual   Insurance   Association,
        John Miarer,
        Secy-Treas."

It appears that there was no question but that the secretary, John Miarer, wrote this letter, and that the same was mailed to the Dollar Savings & Trust Company, who held a mortgage on this property, and there is no question but that the letter was received by the Dollar Savings & Trust Company. John Miarer, former secretary, died before the trial of the case, and upon the introduction of this letter the company was at a total loss to know why it had been written. G. P. Miller had been appointed secretary and treasurer of the association fol-

lowing the death of John Miarer. The appellant in the trial of the case introduced testimony to the effect that the annual assessment had not been paid by the appellees, and that the policy was suspended, and that by action of the adjusters of the association on September 3, 1932, which was a few days prior to the occurrence of the fire, cancelled the policy. An officer of the bank upon which Mr. Kleese testified the check in payment of the assessment had been drawn, testified that the bank records showed no checks drawn by Kleese in the amount of the assessment during the years 1931 and 1932. However, the jury found for the plaintiffs below and rendered a verdict in their favor for the amount of $3,000, the full amount of the policy, and this verdict was upheld by this court on appeal. After the determination of the appeal in this court the appellant filed this action in the trial court. Whether such a proceeding after the case had been affirmed in the Court of Appeals and remanded to the lower court to carry the judgment into execution might be questionable. However that may be, no objection has been raised to this proceeding on that account, and the application was had and disposition made thereof in the lower court and appeal prosecuted to this court. On the hearing on the petition for a new trial appellant introduced evidence to show that some time after the verdict in the original case, Mr. Miller, the new secretary and treasurer of the association, while looking through the Kleese files at Fremont, discovered a letter written by Mr. Miarer, the former secretary and treasurer, to the Dollar Savings & Trust Company and bears date of September 28, 1932. The letter written by Mr. Miarer to the Dollar Savings & Trust Company relative to the permission to the Seville Company to complete the adjustment also bears date of September 28, 1932. The second letter is as follows:

"September 28, 1932

The Dollar Savings & Trust Company,
  Gentlemen:

  We wrote you concerning the John P. Kleese loss this morning. Upon investigation of our records we find that Mr. Kleese permitted this insurance to lapse by failing to pay his last year's assessment, due Nov, 1. 1931. After repeated demands for the assessment and failing to comply, we had no other course but drop his insurance as we can not carry anyone's insurance who refuses to pay assessments.

  His notice plainly states that insurance

is suspended if not paid by December 26, 1931. Copy of notice incloses.

The Farmers' Lightning Protected Mutual Insurance Association, John Miarer, Secy-Treas."

Appellant also introduced in evidence at the hearing on the petition for new trial a letter written by Robert J. Selzer, an attorney at law of Cleveland, which letter is as follows:

"ROBERT J. SELZER
Attorney at Law
730 Standard Bank Building
Cleveland
Cherry 5017

4017                                  October 31, 1932
Farmers' Lightning Protected Mutual
Insurance Association,
Fremont, Ohio.

Atteation: Mr. John Miarer, Sec'y-Treas.
Dear Sir:

I represent John T. and Martha Kleese of Canfield, Ohio, in the matter of the adjustment of their fire loss and have before me your letters of September 28th, addressed to The Dollar Savings & Trust Company of Youngstown, O.

Mr. and Mrs. Kleese state that at no time did they receive any demand from you to pay assessments and have instructed me that unless you make some disposition of this loss to file action to enforce their rights under their policy contract.

Will you please be good enough to advise me by return mail as to your further intentions in the matter?

Yours very truly,
Robert J. Selzer.
RJS—EB                              By E. B."

It appears that Mr. Selzer was associated in the practice of law with Mr. Warady, counsel for the Kleeses, and had knowledge of this particular case. The basis upon which appellant rests its right to relief is found in the following statutory provision:

"A former verdict, report or decision, shall be vacated, and new trial granted by the court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights."

"Sub-division 7: Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial."

The essential requirements for the granting of a motion for a new trial on the grounds of newly discovered evidence are found in the case of **Sheen v Kubiac, 131 Oh St 52:**

"1. The new evidence must be such as would probably change the result if a new trial is granted.
2. It must have been discovered since the trial.
3. It must be such as could not in the exercise of due dilligence have been discovered before the trial.
4. It must be material to the issues.
5. It must not be merely cumulative to former evidence.
6. It must not merely impeach or contradict the former evidence."

Assuming that the discovered evidence would be such as would probably change the result if a new trial was granted, and that it was discovered since the trial, and that it was not merely cumulative to former evidence, and that it would not merely impeach or contradict former evidence, is it such evidence as could not in the exercise of due diligence have been discovered before or during the trial in the court below?

In the case of **Domanski v Woda et, 132 Oh St 208**, Partners d. b. a. Glenn Valley Farms, the syllabus is as follows:

"1. New trials on the ground of newly discovered evidence are not favored by the courts.
2. The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court, and when such discretion has not been abused reviewing courts should not interfere.
3. Newly discovered evidence is other than that which might have been known before the termination of a trial had due dilligence been used.
4. Where during the trial of a case a party is given reasonable cause to believe that favorable and available evidence of a material nature exists, it is his duty, in the exercise of due diligence, to ask for a continuance, if necessary, to investigate, and to produce such evidence, if found. Having finally submitted the case without doing so, and having searched for and found the evidence after verdict, he may not then successfully claim the right to a new trial on the basis that such evidence is newly discovered."

There is no doubt but that the association had knowledge of these letters that were discovered after the trial. Mr. Miarer, it is true, had deceased at the time of the trial of the case, but nevertheless the company, through its officials, had knowledge of these letters. However that may be, in the early stages of the trial plaintiff introduced the letter in which it was suggested by the company, through John Miarer, its secretary, that the Kleese insurance was "concurrent with the Lightning Rod Mutual Protective Association of Seville," and that "we will permit the Seville Company to complete the adjustment."

It appears from the record that when this letter was introduced it was a complete surprise to the company, due to the fact that the adjusters had, some eight days prior to the fire, cancelled the policy for non-payment of assesment, and had sent a letter to that effect to the bank. There was no motion made by appellant when it was thus taken by suprise upon the introduction of this letter, to withdraw a juror and continue the case. As hereinbefore suggested, this letter was introduced in the early stages of the trial. The company could, and no doubt should have, in the exercise of due diligence, when confronted with this surprise letter, moved a withdrawal of a juror and a continuance of the case, or sent a man to Fremont to make a further search of the records with reference to the particular letters in question. However, it appears that appellant did not do so and waited until after the jury had returned its verdict in favor of the plaintiffs below, and then filed a petition for a new trial on the grounds of newly discovered evidence. The granting of new trials on the ground of newly discovered evidence is not favored by the courts. Thus the reason for the rigid rules laid down by the court in the Sheen-Kubiac case, supra.

While it might be questionable whether due diligence had been exercised in connection with the letters that were afterwards found, due to the fact that the former secretary, who had full knowledge of both of these letters, had deceased, nevertheless, we believe that due diligence was not used and exercised after full knowledge by appellant of the letter introduced in the trial of the case by plaintiff, in which the association had suggested that the Lightning Rod Protective Association of Seville might make the adjustment, in failing to make a motion for the withdrawal of a juror and continuance of the case, and further in failing to have some official of the company make a further examination of the files of the company, after the introduction of this letter, to determine whether there were any letters dealing further with the issues involved.

The trial court refused a new trial on the grounds of newly discovered evidence, and we are not inclined to disturb that conclusion; in fact, this court is of opinion that the lower court could properly have found under the facts and evidence that due diligence had not been used in discovering these letters, as hereinbefore indicated. The granting or refusal of a motion or petition for a new trial is necessarily addressed to the sound discretion of the trial court, and his conclusion should not be disturbed unless there is a clear abuse of that discretion. See **Canton Stamping & Enameling Co, v Eles, 124 Oh St 29**, at page 32.

Judgment Affirmed.

NICHOLS and BENNETT, JJ, concur.